UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER ISSUING ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION, VACATING HEARING ON PENDING MOTIONS, CONTINUING THE SCHEDULING CONFERENCE, AND ISSUING ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Simply put, the Court has serious concerns about jurisdiction, statements made by Plaintiff Peter Szanto ("Plaintiff"), and how this lawsuit might be prosecuted, among other things. The Court finds the following Order appropriate to determine whether it has jurisdiction and to secure a just, speedy, and inexpensive determination of the lawsuit.

1. BACKGROUND

On February 11, 2015, Plaintiff filed this lawsuit against Defendants "Persolve, LLC (individually and DBA Account Resolution Associates);" Account Resolution Associates; Victor Alexander Szanto; Anthony Szanto; and the IRS. (Complaint, Dkt. No. 1.) Defendant Persolve, LLC provides information that it does business as Account Resolution Associates and that Account Resolution Associates is not an individual entity. The claims sought to be alleged in the Complaint are for (1) "fraud (knowing false and fraudulent creation of internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

revenue debt by defendants attributable to plaintiff)," (2) fraudulent transfer, (3) identify theft, and (4) intentional infliction of emotional distress. The Complaint was accompanied by a "Motion for Temporary Restraining ORDER as to Defendant Internal Revenue Service" ("TRO"), and according to Plaintiff, he asked "this Court Temporarily to Restrain the IRS from Conducting – on-2-19-2015 – an Evidentiary Hearing in Regard of the Issues which are the Basis of this Action." (Dkt. No. 4, at 1.) The Court denied the TRO. (Dkt. No. 7, at 2, 3.)

In the Court's denial of the TRO, it noted that Plaintiff is representing himself pro se, and it gave Plaintiff information regarding the Federal Pro Se Clinic at the Santa Ana federal courthouse. (*Id.*, at 3.) Plaintiff still represents himself pro se and the Court reiterates that people who represent themselves in court without a lawyer in federal court face special challenges. Thus, the Court again provides Plaintiff with the Pro Se Clinic's information for his reference. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. More information about the clinic may be found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

There are several matters pending before the Court. Defendant Anthony Szanto filed a Motion to Dismiss. (Dkt. No. 12.) According to the caption page of Defendant Anthony Szanto's motion, he moves to dismiss the Complaint (1) under Rule 12(b)(6); (2) because the Court lacks subject matter jurisdiction; and (3) for failure to prosecute. Defendant Persolve, LLC, also filed a Motion to Dismiss. (Dkt. No. 14.) Defendant Persolve, LLC, brings its motion under Rules 12(b)(1) and 12(b)(6). (*Id.*) On August 28, 2015, the Clerk entered default against Defendant Anthony Szanto, and he has since filed a "Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)." (Dkt. No. 23.) Plaintiff has also filed an "Ex-Parte Application for Leave of Court to Allow Execution of Alternative Service of Summons and Complaint and Other Case Related Papers by Way of Publication on Defendant Victor Szanto." (Dkt. No. 19.)

The thrust of Plaintiff's lawsuit is that his brothers, Defendants Anthony Szanto and Victor Alexander Szanto, with the help of Defendant Persolve, LLC, stole Plaintiff's identity and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

got money using it. Based these and other alleged actions, Plaintiff now has an alleged tax liability exceeding $100,000.

## 2. SUBJECT MATTER JURISDICTION

On August 27, 2015, Plaintiff filed a notice of dismissal of the IRS from these proceedings, (Dkt. No. 20), and the Court dismissed the IRS the following day. With this dismissal, the remaining Defendants are Plaintiff's brothers and Persolve, LLC.

"Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). The Court has serious concerns whether it currently has jurisdiction over this lawsuit and ISSUES an Order to Show Cause ("OSC") concerning Subject Matter Jurisdiction as set forth in this Order.

### 2.1 Whether there is jurisdiction under 28 U.S.C. section 1340

Plaintiff alleges that jurisdiction exists under 28 U.S.C. section 1340. (Complaint, Dkt. No. 1, at 2.) Section 1340 states that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340. The essence of Plaintiff's Complaint is that his brothers and Persolve, LLC allegedly stole Plaintiff's identity and got money with it that later led to a tax liability. It does not readily appear that this lawsuit "arises under any Act of Congress providing for internal revenue." It seems more accurate to say that this lawsuit arises from alleged fraud and identify theft, and that a consequence *arising from those acts* are damages, including increased tax liability.

Plaintiff has not sufficiently explained how the Court has jurisdiction under Section 1340.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

### 2.2 Whether there is jurisdiction under 28 U.S.C. section 1331

According to the Complaint, Plaintiff's first claim is for identity theft. He asserts that the "origin of these despicable acts [is]. . . in the Torah" and that the law is currently codified at section 529 of the California Penal Code. (Dkt. No. 1, ¶¶ 23-25.) The Ninth Circuit has generally held that criminal statues do not provide a private right of action. *See, e.g.*, *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that the district court properly dismissed claims brought under the California Penal Code because the statues do not create enforceable individual rights). Plaintiff has not sufficiently shown that Section 529 can be the basis of jurisdiction here.

Plaintiff further states that the "laws upon which the instant civil claims are made herein are 'The Identify Theft and Assumption Deterrence Act of 1998'" at 18 U.S.C. section 1028. (*Id.*, ¶ 30.) Plaintiff then includes six pages of block quotes from section 1028 without any analysis. Courts have found that there is no private right of action under 18 U.S.C. section 1028. *See, e.g.*, *Murphy v. JP Morgan Chase*, 2015 WL 2235882, at * 4 (E.D. Cal. May 11, 2015) (holding that a plaintiff could not bring a claim under 18 U.S.C. section 1028); *Lassetter v. Brand*, 2011 WL 4712188, at *2 (W.D. Wash. Oct. 4, 2011) (holding that 18 U.S.C. section 1028 provides no private right of action and cannot serve as the basis of a civil lawsuit); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 203 (E.D.N.Y. 2004) (same).

It does not appear that there is Federal Question jurisdiction under section 1331.

### 2.3 Whether there is jurisdiction under 28 U.S.C. section 1332

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A limited liability company has the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

Plaintiff's second through fourth claims are state law claims. There is insufficient information before the Court to determine whether diversity jurisdiction exists. For example, on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

record before it, the Court cannot determine the citizenship of Plaintiff; his brothers; and Persolve, LLC.

### 2.4 OSC

As explained, the Court has serious concerns whether it has subject matter jurisdiction over this lawsuit. Accordingly, the Court ORDERS Plaintiff, Defendant Anthony Szanto, and Defendant Persolve, LLC each to show cause in writing within 14 days of this Order why this action should not be dismissed for lack of subject matter jurisdiction. Each party's filing must not exceed 7 pages, and the parties should discuss such things as jurisdiction under 1331, 1332, and 1340. Within seven days of Defendants' filings, Plaintiff may submit a response to Defendants' filings. Within seven days of Plaintiff's filing, Defendants may each submit a response to Plaintiff's filing. Any filing by Plaintiff seeking to respond to Defendants' filings must address both filings collectively and must not exceed 10 pages. Any filing by either Defendant seeking to respond to Plaintiff's filing must not exceed 5 pages. Alternatively, the parties may stipulate to dismissal.

## 3. PENDING MOTIONS AND THE SCHEDULING CONFERENCE

Pending the parties' filings concerning subject matter jurisdiction, the Court VACATES the October 19, 2015 hearing on Defendant Anthony Szanto's Motion to Dismiss (Dkt. No. 12), the Motion to Dismiss filed by Defendant Persolve, LLC (Dkt. No. 14), and Defendant Anthony Szanto's Motion to Set Aside Entry of Default (Dkt. No. 23). If the Court determines that is has subject matter jurisdiction, it will reset the hearing on these motions and will rule on Plaintiff's ex parte application.

The Scheduling Conference in this lawsuit is also currently set for October 19, 2015. The Court CONTINUES the Scheduling Conference to December 7, 2015 at 9:00 a.m. If the Court determines that it has subject matter jurisdiction, the Court finds this approach appropriate to keep this lawsuit moving forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

### 4. STATEMENTS MADE BY PLAINTIFF

In Plaintiff's Opposition to Defendant Anthony Szanto's Motion to Set Aside Entry of Default, he states the following.

> The truth is that Anthony Szanto's default was a result of his, and his counsel's, well honed plans to waste time and protract this case indefinitely.
>
> Anthony and Peter have been engaged in litigation for more than 10 years. That litigation has transpired in 8 different California counties and 6 different states. During that time, Anthony's evasion strategy has worked perfectly–Anthony has never appeared for any deposition, Anthony has never personally attended any hearing.
>
> The instant prank not to serve plaintiff, (while knowing that plaintiff is meticulous about procedure), was intended simply to get extra time to plead (IE, defendant knew plaintiff would complain. Defendant knows 9th Circuit policy is to try matters on their merits. Defendant knew at worst he would have to petition for relief from default.) In any case, time would be wasted and maybe the Court would grant the other defendant's Motion to Dismiss.
>
> Follows here, plaintiff's prayer that this Court not submit to Anthony Szanto's **terror** tactics of intentional improper service simply to extract additional time and the squandering thereof.

(Dkt. No. 24, at 1-2 (emphasis in original).) Plaintiff asserts that "[i]f relief is granted, defendant Anthony Szanto will know that he has this Court in his pocket and he will be free to perpetrate any abuse of process he might thereafter desire!" (*Id.*, at 6 (emphasis and exclamation in original).)

The Court takes seriously its commitment to applying the law correctly. It has grave concerns with Plaintiff's implication that granting Defendant Anthony Szanto's motion means that the Court is in Defendant Anthony Szanto's pocket. If the Court determines that it has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

jurisdiction, then at the next hearing in this lawsuit, Plaintiff should be prepared to defend under oath the basis of his apparent conclusion that the Court cannot be impartial.

### 5. VEXATIOUS LITIGANT DESIGNATION

Apparently there is a litigation history between Plaintiff and Defendant Persolve, LLC. According Motion to Dismiss filed by Defendant Persolve, LLC, it has filed two lawsuits in the Orange County Superior Court against Plaintiff. (Dkt. No. 14-1, at 2.) According to Defendant Persolve, LLC, those lawsuits are numbered 30-2013-00626119 and 30-2013-00627794. (*Id.*) According to the Reply filed by Defendant Persolve, LLC, (Dkt. No. 28), "Plaintiff has been deemed a vexatious litigant under Code of Civil Procedure section 391, et al. by California state courts." (*Id.*, at 1.) Defendant Persolve, LLC has provided evidence supporting its assertion that Plaintiff has been determined vexatious litigant in the state court. (Raichelson Decl., Dkt. No. 28, at 7 (Ex. A).)

Based on the Court's observations, including Plaintiff's actions and statements, it is concerned that it might need to impose a pre-filing restriction on Plaintiff. There are issues regarding the appropriateness of Plaintiff's litigation decisions.

"Federal Courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the "All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Ringgold-Lockhart*, 761 F.3d at 1061 (quoting *De Long*, 912 F.2d at 1147). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered;' (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;' (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to 'closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 912, F.2d at 1062 (quoting *De Long*, 912, F.2d at 1147-48).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241-AG (DFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC, et al. | | |

The Court issues an OSC why Plaintiff should not be declared a vexatious litigant and why the Court should not issue a pre-filing restriction. In issuing the OSC, the Court considers, among other things, the following litigation history: (1) the filings in this Court, (2) the vexatious litigant determination in the superior court, and (3) the bankruptcy and litigation history outlined on pages two through four of the Motion to Dismiss filed by Defendant Persolve, LLC, (Dkt. No. 14-1), in his lawsuit. Plaintiff may file a brief not exceeding 10 pages opposing the vexatious litigant designation and pre-filing restriction that the Court is considering. Any brief filed must be submitted on the same day as Plaintiff's initial filing seeking to respond to the OSC outlined in Section 2 of this Order.

: 0

Initials of Preparer      lmb