JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO VACATE DEFAULT, DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING LEAVE TO AMEND, AND VACATING SCHEDULING CONFERENCE**

About ten months ago, Plaintiff Peter Szanto filed this lawsuit against Defendants Persolve, LLC, individually and DBA Account Resolution Associates; Account Resolution Associates; Victor Alexander Szanto; Anthony Szanto; and the Internal Revenue Service ("IRS"). (Dkt. No. 1.) Plaintiff later voluntarily dismissed the IRS. (Dkt. No. 20.)

On August 27, 2015 Plaintiff filed a request for entry of default against Defendant Anthony Szanto, acknowledging that he had filed a pleading responsive to the Complaint, but arguing that he had failed to properly serve it. (Dkt. No. 18.) The Clerk of Court entered default the next day. (Dkt. No. 21.) On September 10, Defendant Anthony Szanto filed a Motion to Vacate this default. (Dkt. No. 23.)

On October 15, 2015, the Court issued an Order ("OSC") that, among other things, ordered Plaintiff, Defendant Persolve, LLC , and Defendant Anthony Szanto to each show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 29 at 5.) The parties had until October 28 to submit initial responses to the OSC, with

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

any responses to other parties' filings due seven days later. (*Id.*)

On October 22, 2015, Plaintiff filed a response. (Dkt. No. 30.) In it, Plaintiff substantively responded to the Court's OSC. (*See id.* at 2–6.) But he also requested time to respond more fully because he was preparing for a November 2 trial in the United States Tax Court. (*See id.* at 7.) He also stated he'd amend his complaint. (*Id.* at 4.) On October 28 and 29, respectively, Defendants Anthony Szanto and Persolve, LLC filed responses to the OSC, in which they agreed that this Court lacked subject matter jurisdiction. (Dkt. No. 31.)

On October 29, 2015, two other things happened. The Court gave Plaintiff more time—until November 16—to respond to the OSC. (Dkt. No. 35.) But before Plaintiff received the Court's order, he filed two more documents responding to the OSC. (Dkt. Nos. 33, 34.) One of these was devoted entirely to the question of the Court's subject matter jurisdiction over this lawsuit. (Dkt. No. 34.)

On November 9, 2015, Plaintiff filed another brief responding to the OSC. (Dkt. No. 36.) He again responded substantively to the Court's OSC, again requested time to respond more fully because he was now preparing briefing related to his United States Tax Court matter, and again stated that he intended to amend his complaint. Defendant Anthony Szanto filed a reply to Plaintiff's filings on November 17. (Dkt. No. 37.)

The Court GRANTS the Motion to Vacate, DISMISSES this action for lack of subject matter jurisdiction, and DENIES leave to amend. As discussed below, the Court declines to address the pending Motions to Dismiss.

**1. PRO SE LITIGATION**

At the outset, the Court recognizes that Plaintiff is representing himself in court without a lawyer. People who do this are called pro se litigants. The Court has at least twice provided Plaintiff with information about the Federal Pro Se Clinic located in this courthouse. (*See* Dkt. Nos. 7 at 3, 29 at 2.) The Court has at least twice encouraged Plaintiff to get help from the Federal Pro Se Clinic. (*Id.*) The Court hopes he has.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

Under the law, courts "construe pleadings liberally" in favor of pro se litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). But ultimately "pro se litigants are [still] bound by the rules of procedure." *Id.*

## 2. LEGAL STANDARD

The Constitution and Congress confine this Court's exercise of power to certain enumerated controversies. *See* U.S. Const. art. III, § 2. This Court must therefore guard its exercise of jurisdiction jealously. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014). In doing so, the Court must assume that any case before it falls outside of the Court's power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is up to the party asserting jurisdiction to establish otherwise. *Id.*

## 3. ANALYSIS

In response to the Court's OSC, Plaintiff improperly and inefficiently filed four documents totaling 132 pages. Despite this volume, the Court has received nothing persuasive regarding its exercise of subject matter jurisdiction.

### 3.1 Jurisdiction under 28 U.S.C. § 1340

In his Complaint, Plaintiff alleges that jurisdiction exists under 28 U.S.C. § 1340 ("Section 1340"). (Dkt. No. 1 at 2.) Section 1340 gives district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340. In this lawsuit, Plaintiff alleges that his brothers and Persolve, LLC stole and used Plaintiff's identity to get money, and that this later led to tax liability for Plaintiff. Especially given Plaintiff's dismissal of the IRS, it doesn't appear that this lawsuit "arises under any Act of Congress providing for internal revenue." *Id.* It's probably instead accurate to say that this lawsuit arises from purported fraud and identify theft, and that there

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

might have been increased tax liability as a consequence of those acts.

Perhaps recognizing this, Plaintiff's OSC papers do not analyze Plaintiff's argument asserting subject matter jurisdiction under Section 1340. Plaintiff has not sufficiently shown that Section 1340 is a basis for this Court's exercise of jurisdiction, despite repeated opportunities to do so.

### 3.2 Jurisdiction under 28 U.S.C. § 1332

In his responses to the OSC, Plaintiff instead asserts that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1) ("Section 1332"). (*See* Dkt. No. 30 at 4.) Section 1332(a)(1) gives district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff alleges that there is the requisite complete diversity here because Plaintiff is a resident of Oregon, Defendant Victor Szanto is a resident of Nevada, and Defendants Anthony Szanto and Persolve, LLC are residents of California. (Dkt. No. 30 at 4.) Plaintiff relies on an alleged improper tax liability of $116,000 to meet the $75,000 amount in controversy requirement. (*Id.*)

Plaintiff has not met his burden. Defendants Anthony Szanto and Persolve, LLC argue (and provide compelling evidence) that Plaintiff is a citizen of California, not Oregon, and that consequently no complete diversity exists. (*See* Dkt. Nos. 31 at 5–7, 32 at 4–5). The Court finds Defendants' arguments persuasive. The Court need not rely on them here, however. To establish subject matter jurisdiction, Plaintiff repeatedly asserts that he is a "resident" of Oregon. (*See, e.g.*, Dkt. Nos. 30 at 4, 34 at 7, 36 at 6.) But Section 1332 "speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* at 857–58 (citations omitted). Plaintiff has not sufficiently shown that Section 1332 is a basis for this Court's exercise of jurisdiction, despite repeated opportunities to do so.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

### 3.3 Jurisdiction under 28 U.S.C. § 1331

While Plaintiff does not explicitly assert that this Court has jurisdiction under 28 U.S.C. § 1331 ("Section 1331"), federal question jurisdiction could seem plausible in connection with the first claim in his Complaint. The Court addresses this possibility, in keeping with its duty to construe pro se litigant's pleadings liberally. Plaintiff's states the origin of his first claim for identity theft is "in the Torah" and that the law is currently codified at section 529 of the California Penal Code. (Dkt. No. 1 at 5.) The Ninth Circuit has generally held that criminal statues do not provide a private right of action. *See, e.g.*, *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999). Plaintiff further states that the "laws upon which the instant civil claims are made herein are 'The Identify Theft and Assumption Deterrence Act of 1998'" at 18 U.S.C. § 1028 ("Section 1028"). (Dkt. No. 1 at 6.) Plaintiff then includes six pages of block quotes from Section 1028 without any analysis. Courts have repeatedly held that there is no private right of action under Section 1028. *See, e.g.*, *Murphy v. JP Morgan Chase*, 2015 WL 2235882, at * 4 (E.D. Cal. May 11, 2015); *Lassetter v. Brand*, 2011 WL 4712188, at *2 (W.D. Wash. Oct. 4, 2011); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 203 (E.D.N.Y. 2004). The Court pointed all this out in its OSC, but Plaintiff has failed to address this issue in any of his responses, perhaps believing it futile to do so.

Plaintiff's second, third, and fourth claims for fraud, fraudulent transfer, and intentional infliction of emotional distress, respectively, are all state law claims that do not support this Court's exercise of jurisdiction under Section 1331. Plaintiff discusses asserting new claims in his responses to the OSC, but these claims would similarly fail to provide a basis for jurisdiction under Section 1331. (*See, e.g.*, Dkt. No 34 at 6 ("[P]laintiff will amend his claims based on fraud and identity theft. Also, plaintiff will plead causes of action sounding in other intentional torts: 1) defamation . . . ; 2) invasion of privacy . . . ; 3) fraudulent creation of income tax liability . . . ; [and] 4) harmful impersonation of plaintiff.").) Plaintiff has not sufficiently shown that Section 1331 is a basis for this Court's exercise of jurisdiction, despite repeated opportunities to do so.

### 3.4 Other Matters

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

### 3.4.1 Motion to Vacate

Given Plaintiff's failure to establish this Court's subject matter jurisdiction here, the Court finds that setting aside the default entered by the Clerk against Defendant Anthony Szanto is appropriate. Further, the Court finds that the factors set forth by the Ninth Circuit to evaluate whether a default should be set aside as well as the Circuit's preference for deciding cases on the merits also weigh in favor of setting aside default here. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). The Motion to Vacate is GRANTED.

### 3.4.2 Motions to Dismiss

On August 17, 2015, Defendant Anthony Szanto filed a Motion to Dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. (Dkt. No. 12.) Two days later, Defendant Persolve, LLC filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 14.) Given the Court's lack of subject matter jurisdiction, the Court doesn't address these moot motions. But the Court notes that they may provide additional justifications for dismissal.

### 3.4.3 Request for More Time

A few days before his October 28, 2015, deadline to respond to the OSC, Plaintiff asked the Court for more time to respond because he was preparing for a November 2 trial in the United States Tax Court. (*See* Dkt. No. 30 at 7.) The Court gave Plaintiff until November 16—over a month since the Court issued its OSC. (Dkt. No. 35.) Plaintiff has now filed 132 pages of response to the OSC. Nonetheless, on November 9, Plaintiff asked for even more time—until November 30—to respond. Plaintiff asserts that "instead of finalizing his reply for this Court, [P]laintiff must complete his briefing to prepare for continuation of Tax Court trial." (Dkt. No. 36 at 7.)

The Constitution guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "[F]iling a complaint in court is a form of petitioning activity . . . ." *McDonald v. Smith*, 472 U.S. 479, 484 (1985). But with this powerful

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

right comes responsibility. After compelling defendants to appear in federal court, plaintiffs must prosecute, not procrastinate. Courts cannot let them do otherwise. *See* Fed. R. Civ. P. 1. (directing courts "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Court already once warned Plaintiff about his failure to move this case forward. (*See* Dkt. No. 8 at 1 ("The Court on its own motion, hereby ORDERS Plaintiff(s) to show cause in writing no later than June 26, 2015 why this action should not be dismissed for lack of prosecution."). It appears that this warning was not taken seriously. Instead, Plaintiff has forced opposing counsel and the Court to deal with a chaos of Plaintiff's own creation. Plaintiff has filed a lot of paper, but done little to attempt to satisfy the Court's concerns. Now, with this case about ten months old, the Court cannot keep this case in federal court in hopes that Plaintiff will someday be sufficiently capable of and interested in litigating it.

The Court also notes that Plaintiff's proffered justification for more time does not pass muster. Plaintiff provided the docket number for his United States Tax Court matter: 19749-14. (*See* Dkt. No. 30 at 9.) The Court can take judicial notice on its own of facts that are not reasonably in dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b), (c). The Court notes that the United States Tax Court online docket states that Plaintiff's opening brief in that matter is due on January 19, 2016, and that his reply brief is due on April 4, 2016. These far-off dates do not warrant the relief sought.

Plaintiff has had ample time and space to respond to the Court's OSC and establish the threshold question of subject matter jurisdiction. More time and paper is not the answer.

### 3.4.4 Request for Leave to Amend

In his responses to the OSC, Plaintiff stated that he intended to amend his complaint. (*See, e.g.*, Dkt. Nos. 30 at 4, 34 at 5.) Given that Plaintiff can no longer amend his complaint as a matter of right, the Court construes this as a request for leave to amend. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0241 AG (DFMx) | Date | December 2, 2015 |
|---|---|---|---|
| Title | PETER SZANTO v. PERSOLVE, LLC ET AL. | | |

serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

Plaintiff had an opportunity to amend his complaint as a matter of right earlier in this case, and has had at least four more tries at adequately establishing this Court's jurisdiction over this case through his responses to the OSC. Despite his voluminous filings, Plaintiff has not met his very basic burden of showing that this Court can hear this case. As discussed in Section 3.3, even the amendments now proposed by Plaintiff would not establish this Court's subject matter jurisdiction. Given the importance of the limits on this Court's exercise of jurisdiction, the Court cannot keep this case in federal court hoping that Plaintiff will someday be able to show that the case belongs here. Accordingly, the Court DENIES leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**4. DISPOSITION**

The Court GRANTS the Motion to Vacate, DISMISSES the Complaint, DENIES leave to amend, and declines to address the moot Motions to Dismiss. The Scheduling Conference set for December 7, 2015 at 10:00 a.m. is accordingly VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |